SIMPSON v. COCHRAN & CHERRIE.

23　81<br>
93　774<br>
J93　780

1. Judgment: BLANK RECOVERY: MERGER. *Semble*, that a judgment in which the amount of recovery is left blank does not operate to merge the cause of action upon which it is based, although the judgment entry shows that the damages were referred to the clerk to assess, and that he calculated and reported the amount of the same, which was accepted.

2. —— DOMESTIC: ACTION UPON. An action may be maintained upon a domestic judgment in full force, and upon which an execution may issue.

*Appeal from Marion District Court.*

WEDNESDAY, JULY 31, 1867.

THE petition contains two counts, one upon a note, and the other upon a judgment recovered in the same (Marion) District Court; which recovery was upon the same note mentioned in the first count. The pleader not knowing whether the so-called judgment operated to displace or merge his right of action on the note, so states, and seeks to recover for but one of such causes. On the trial the note and judgment were introduced, and it also appeared that execution had been issued, and that one of the defendants had paid to the clerk nearly five-sixths of the whole claim. The judgment entry gives the names of the parties, its date (December 13, 1861), that there was a default, that the amount of damages was referred to the clerk, who reported an amount ($316.91), which was accepted, but the judgment that plaintiff recover is blank as to the amount, except as to costs, which are taxed at $6.95. This action was commenced February 16, 1867. Upon these facts the court below found for defendants; the plaintiff excepted and appeals.

VOL. XXIII.—11

*Phillips, Gatch & Phillips,* with *J. E. Neal,* for the appellant.

*Stone, Ayers & Curtis* for the appellees.

WRIGHT, J.—It is questionable, to say the least, whether the judgment of Dec. 13, 1861, operated to dis-

1. JUDGMENT: blank recovery: merger.

place or merge plaintiff's right of action on the note. There is certainly no recovery for a specific amount. The order is, that plaintiff recover, but the amount thereof is left blank. And under such circumstances it was the right of the plaintiff, under section 2935 of the Revision, to declare as he has, claiming to recover but for one of such causes. Defendants had their election to allow judgment to go against them on either of such causes, or to contest both; and plaintiff if entitled to recover on either, might do so, or if he had recovered on both, would have been driven to his election; and the recovery on one would be in bar of the other. Some of the members of the court are of the opinion that the first recovery was so wanting in form and substance, that plaintiff had a right to sue as he has, and that he should have had judgment; while others, including the writer of this opinion, neither admitting nor denying the correctness of this view, put the reversal upon the single ground that, assuming the full validity of the first recovery, plaintiff might bring a new suit upon it and recover.

In other words, that a judgment, whether domestic or of another State, gives to the party in whose favor ren-

2. —— domestic: action upon.

dered, a complete right of action; that it is a contract of the highest character, and he may declare upon it and recover as upon any other contract. The right to execution thereon is merely cumulatory, and the law does not deny the right of action on a judgment,

if the holder elects that remedy. *Headley* v. *Roby*, 6 Ohio, 521, where the point is expressly ruled. So it is in *Greathouse* v. *Smith*, 3 Scam. 541; which, as is this, was an action upon a judgment recovered in the same court. There, it was expressly *held*, that no rule of law is better settled than that an action may be maintained on a judgment; that there was no principle which inhibits the creditor, on a judgment which is in force and unsatisfied, from recovering in an action brought on it, although he may at the time of bringing suit be entitled to an execution on his judgment; that his right to recover is clear, and the court has no power to prevent him. And see *Denison* v. *Williams* 4 Conn., 402; *Jackson* v. *Shaffer*, 11 Johns. 513; *Millard* v. *Whittaker*, 5 Hill, 408; *Andrews* v. *Smith*, 9 Wend. 53; *Haven* v. *Baldwin*, 5 Iowa, 503; *Thomson* v. *Lee County*, 22 Id. 206; 12 California, 11; 16 Id. 372; 29 Vermt. 332; 18 Alabama, 519; 33 Id. 659; 14 Mass. 237; 3 Black. Com. 160.

Now, it is conceded that an execution might, under our statute, have issued on the first judgment (assuming its validity) at any time before it was barred by the statute of limitations, and that it would not be thus barred for twenty years from the date of its rendition. Rev. §§ 2740, 3246.

The lien continues, however, but for ten years. § 4109. It is also conceded that the creditor might, by *scire facias*, preserve the lien of the judgment.

But if, instead of doing this, he prefers to take a new judgment, we know of nothing under the statutes of the State to prevent it. Whether he acquires any new rights thereby, or, if any, what, or whether he surrenders any, are questions not now before us. What control, if any, the courts have over the question of costs, is also a question not now necessary to consider.

The defendants have a clear escape from what is appar-

ently, and probably in some cases would be, vexatious and oppressive litigation, by discharging the debt, and thus ending the controversy. But, so long as the debt is unsatisfied, the creditor may, if he so desires, have a second judgment. The remedy, if any is deemed advisable, is with the legislature.

Reversed.