BELLMEYER v. THE INDEPENDENT DISTRICT OF MARSHALLTOWN.

1. **Corporations**: EXTENT OF POWERS. Corporations can exercise only such powers as are expressly conferred on them, and such implied powers as are necessary to enable them to perform their prescribed duties.

2. **School District**: POWER OF DIRECTORS: PURCHASE OF MUSICAL INSTRUMENT. An independent school district may provide that music shall be taught in its schools and the board of directors have authority to contract in behalf of the district for the purchase of a musical instrument, to be paid for out of any unappropriated funds of the district.

3. ———: ———: UNAPPROPRIATED FUNDS. In the absence of proof to the contrary it will be presumed that there were unappropriated funds of the district on hand at the time the contract of purchase was made, and this presumption will not be rebutted by the fact that a future time of payment was fixed in the contract.

4. ———: ———: VERBAL CONTRACT. Corporations may make verbal as well as written contracts, within the scope of their powers, and it was *held* not essential to the validity of the purchase that a vote of the directors therefor should appear upon the records.

*Appeal from the Marshall Circuit Court.*

MONDAY, OCTOBER 23.

ACTION for the recovery of the purchase price of an organ sold by plaintiff to defendant. The facts necessary to an understanding of the questions decided are stated in the opinion.

*J. M. Parker* and *Caswell & Meeker*, for appellant.

*R. W. Hargrave* and *Henderson & Norton*, for appellee.

ROTHROCK, J.—I. It appears from the evidence that the defendant had procured organs for all the schools of the city excepting the school in the fourth ward. At a meeting of the board it was decided to purchase an organ for the school in the fourth ward. The plaintiff furnished the instrument at the instance of the superintendent of the schools. The principal question in the case, and the one which, in our opinion, is decisive of the rights of the parties, is as to the power of

the board to bind the district by a contract for the purchase of a musical instrument, such as an organ.

It is a fundamental principle, governing all corporations of this character, that they can exercise only such power as is expressly given them, and such implied powers as are necessary to enable them to perform their prescribed duties. Or as expressed by DILLON, Ch. J., in *Merriam v. Moody's Exr's*, 25 Iowa, 163: "It must be taken for settled law that a municipal corporation possesses and can exercise the following powers and no others: *First*, those granted in express words; *second*, those necessarily implied, or necessarily incident to the powers expressly granted; *third*, those absolutely essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable; *fourth*, any fair doubt as to the existence of a power is resolved by the courts against the corporation—against the existence of the power."

*1. CORPORA-TIONS: extent of powers.*

Tested by this rule, the question to be determined is, was the purchase of the organ by the board an act binding on the school district? It will not be claimed that there is any express power given by statute to purchase musical instruments for the use of public schools. Section 1729 of the Code, in enumerating the powers of the board of directors, provides that "they may use any unappropriated contingent fund in the treasury to purchase records, dictionaries, maps, charts and apparatus for the use of the schools of their districts, but shall contract no debts for this purpose."

*2. SCHOOL district: powers of directors: purchase of musical instrument.*

Section 1766 provides that persons desiring to pass an examination as teachers shall be examined as to their competency to teach orthography, reading, writing, arithmetic, geography, English grammar, physiology and history of the United States; and section 1767 of the Code provides that if the examination be satisfactory a certificate to that effect shall be given. Section 1758 prohibits the employment of any one to teach a public school, which receives its distributive share of the school fund, unless he shall have a certificate.

Section 1717 provides that each district township at the

annual meeting shall have power to determine "what additional branches shall be taught in the schools of the district," and section 1806 provides that independent districts shall be governed by the laws enacted for the regulation of district townships, so far as the same may be applicable. We are of opinion that, under these provisions of the statute, the independent district, defendant, had the power to determine that music should be taught in the schools as a branch of education, and as it appears from the record before us that a music teacher was employed, and all of the schools but one were supplied with a musical instrument, we must presume, in the absence of evidence to the contrary, that the proper order and direction were made.

Having found that the power existed, it will certainly be conceded that a musical instrument is properly connected with a musical education so as to be denominated apparatus in the language of the statute above quoted.

II. It is insisted that there was no contingent fund on hand unappropriated, and that the defendant contracted an 3. —: —: indebtedness for the organ which was not within unappropriated funds. its power. The ready answer to this is that the abstract does not show whether there was unappropriated contingent fund on hand or not, and in the absence of such showing the presumption is that the board did not exceed its powers.

Presuming as we do that there was unappropriated contingent fund on hand, the mere provision that payment should be made for the organ on the first of June following the purchase does not necessarily imply that there was no unappropriated contingent fund, nor that a debt was contracted within the meaning of the statute. For aught that is shown, there may have been at the time of the purchase an unappropriated contingent fund largely in excess of the value of the organ.

III. It is contended that no purchase was in fact made, there being no record of the board to that effect, nor any 4. —: —: authority of record for the purchase; and that verbal contract. no one, authorized to do so, contracted with plaintiff for the purchase of the organ. The evidence does not

show that a record of the purchase was made. The records are entirely silent on the subject. The evidence does show, however, that at a regular meeting of the board the purchase of an organ was determined upon, and there is evidence tending to show that a motion was put and carried, directing the superintendent of the schools to purchase an organ. It is true there is a conflict in the evidence, but the finding of the court below stands as the verdict of a jury and will not be disturbed here, unless it be so void of support from the evidence as to indicate passion or prejudice.

The fact that no record of the action of the board was made would not invalidate the contract which was authorized to be made, especially as the organ was placed in the school-room and put in use by the district. Corporations may make contracts, either written or verbal, within the scope of the powers granted by their charters. *Baker v. Johnson County*, 33 Iowa, 151; and see *Athearn v. Ind. Dist. of Millersburg*, Id., 105.

AFFIRMED.