# MEEK v. MEEK.

1. **Statute of Limitations**: REVIVOR OF JUDGMENT. The revivor of a judgment by *scire facias* is simply a proceeding to enforce the judgment, and does not have the effect of a new judgment, with respect to the operation of the statute of limitations. The statute commences to run at the date of the original judgment.

2. ——: CONSTITUTIONAL LAW. The statute of limitations pertains to the remedy, and not to the right of action or validity of the cause of action, and the States are not prevented by Art. IV, Sec. 1, of the Constitution of the United States, from enacting such statutes barring actions upon judgments rendered in other States.

*Appeal from Washington Circuit Court.*

FRIDAY, DECEMBER 15.

ACTION at law upon a judgment rendered in the Court of Common Pleas of Carroll county, Ohio, November 16, 1850. A demurrer to the petition of plaintff was sustained and judgment rendered thereon for defendant. Plaintiff appeals.

*G. W. How*, for appellant.

*McJunkin, Henderson & Jones*, for appellee.

BECK, J.—I. The petition, after alleging the recovery of the judgment sued upon, on the 16th day of November, 1850, in the Court of Common Pleas of Carroll county, Ohio, and setting out a copy thereof, shows that the judgment was revived by *scire facias*, September 8, 1873. It does not appear that the *scire facias* was personally served, though the order of revivor shows that the court found that service was duly had according to law. Another *scire facias* was issued and personally served upon defendant in Washington county, in this State, and thereon an order of revivor was had, May 2, 1874. The final order in each proceeding is, that "the judgment stand revived," and that execution issue against the defendant for an amount found due, with costs. Duly authenticated copies of the judgment and orders of revivor are made

exhibits to the petition. The orders of revivor show that, at the time of the rendition of the original judgment, and ever since, defendant was and has continued to be a non-resident of the State of Ohio.

To the petition defendant demurred, assigning five grounds upon which he claims the petition shows the action cannot be maintained. These several causes of demurrer may be reduced to two, which present the substance of all, as follows:

1. The cause of action is barred by the statute of limitations.

2. The orders of revivor are not valid and binding upon defendant; the first having been procured upon the service of process by publication, the second by personal service in this State.

II. In our opinion, the determination of the question raised upon the first ground of demurrer will dispose of the case, and render unnecessary the consideration of the other objection. We will, therefore, proceed to inquire whether, upon the facts alleged in the petition, the action is barred by the statute of limitations.

1. STATUTE of limitations: revivor of judgment.

Under the law of this State an action upon a judgment of a court of record is barred in twenty years, and this provision extends to judgments recovered in the courts of sister States and of the United States. Code, § 2529, ¶ 6. The original judgment declared on in plaintiff's petition was recovered in 1850; this action was brought in 1875. If the period of limitation prescribed by the statute commences at the date of the original judgment, the action is barred. But plaintiff insists that the judgments of revivor arrested the operation of the statute and the period of limitation dates therefrom. The question presented in this position now demands our attention.

Under the laws of the State of Ohio, judgments, after the expiration of five years, become dormant and cease to operate as liens, and must be revived before executions can issue thereon. Upon proper proceedings, in the nature of *scire facias,* "if sufficient cause be not shown to the contrary, the judgment shall stand revived for the amount which the court shall find to remain due and unsatisfied," and a judgment to

that effect is entered. Swan & Critchfield's Ohio Statutes, pp. 1061, 1067–1068.

The orders reviving the original judgment conform to the provisions of the statute and direct execution to issue for the amount found due plaintiff. So far as we can discover, the proceedings authorized by the Ohio statute are in no respect different in their nature from those which are usually had upon *scire facias*, indeed, the proceedings must be termed as those of *scire facias*. The final judgment directed by the statute to be entered therein is not a new judgment, but the revivor of the old one. This has been directly ruled in this State under a statute not unlike the Ohio statute in question. Code, 1851, §§ 1887, 2176–2178; *Denegre v. Haun*, 13 Iowa, 240; *Vredenburgh v. Snyder*, 6 Iowa, 39. And it would seem that the ruling is in accord with the authorities. We are unable to discover that a different rule prevails in Ohio; counsel for plaintiff makes no such claim and refers to no Ohio decision on this point. The revivor of a judgment by *scire facias* is, then, but a proceeding to enforce it—to authorize the issuing of process of execution thereon. No new judgment is entered. It is, then, very plain that the period of limitation begins at the date of the original judgment, and not at the date of the judgment upon the *scire facias*, which is a mere step taken for the enforcement of the original judgment. This is rendered, if possible, plainer by the fact that the action is brought on the original judgment and not on the order upon the *scire facias*. The judgment became dormant, that is, execution could not issue thereon. The *scire facias* revived the right to process on the judgment, which was its sole purpose and only effect.

In support of his position, that the statute of limitations begins to run only from the date of the revivor, plaintiff cites *Fagan v. Bentley*, 32 Geo., 534. This case, as well as three or four Irish decisions to which we have been referred, hold that the judgment in *scire facias*, under statutes similar to our own and the Ohio statute, is to be regarded as a new judgment, and the statute of limitations must be regarded as beginning to run therefrom and not from the date of the original judg-

ment. They are in conflict with the decisions of this court, above cited, which we are required to follow rather than those of other courts. We think the rule of this court is based upon sound reason; we have, therefore, no disposition to disturb it.

III. Plaintiff insists that, under Art. IV, § 1, of the Constitution of the United States, and the Act of Congress of May 26, 1790, he is secured in a remedy upon the judgment in suit, and the State statute of limitations cannot bar recovery thereon as long as it may be enforced in Ohio. The argument relied upon to support this position is this: The constitutional provisions secure, in each State, full faith and credit to the judicial proceedings of all other States, and the act cited provides that such proceedings, being authenticated in the manner prescribed, "shall have such faith and credit given to them 'in every court in the United States as they have by law or usage in the courts of the State whence the records are or may be taken."

*2. ——: constitutional law.*

The judgment sued upon is valid and may be enforced in the State of Ohio—it is not barred there by a statute of limitation. It follows, it is insisted in the argument, that, under these constitutional and statutory provisions, it must be enforced here. The error in the argument results from failing to consider the fact that the statute of limitations pertains to the remedy and not to the right of action or validity of the cause of action. Story's Conflict of Laws, § 376; 2 Story on the Constitution, § 1385.

The United States Supreme Court has decided the question raised by plaintiff, holding that the provisions, constitutional and statutory, relied upon by plaintiff, do not prevent the several States from enacting statutes of limitations barring actions upon judgments rendered in other States. *Bank of the State of Alabama v. Dalton*, 9 How., 522; *M'Elmoyle v. Cohen*, 13 Peters, 312; *Randolph v. King*, 2 Bond, 104.

IV. It is lastly insisted that the petition does not show that defendant was a resident of this State for the full period of limitation, and, as the question is raised upon demurrer, it cannot be presumed that he has resided here for a time that will entitle him to a benefit of the statute.

The record of the judgment and of the orders of revivor upon which this action is brought are made a part of the petition. They show that defendant, at the time of the rendition of the judgment and ever since, was not a resident of the State of Ohio. They show that in 1873 he resided in this State, and he appears to have resided here when this suit was commenced. Upon these facts a presumption arises that he has resided here continuously from a period anterior to the rendition of the Ohio judgment in 1850. *Swift v. Swift,* 9 La., 117.

The foregoing discussion disposes of all the questions in the case which we are required to determine. The judgment of the Circuit Court is

AFFIRMED.