INDEPENDENT DISTRICT OF FLINT RIVER V. KELLEY ET AL.

1. **School District: POWERS OF DIRECTORS.** The board of directors of an independent school district may properly authorize steps to be taken to secure the location of a highway by its school-house, there being none, and may bind the district for expenses incurred in connection with an application for such highway.

*Appeal from Des Moines Circuit Court.*

TUESDAY, APRIL 5.

THIS is an action to recover the sum of $67, which it is alleged the defendants, as directors and treasurer of the plaintiff, paid to the defendant Sudbrock, from the contingent fund of the plaintiff, on a pretended claim against plaintiff for labor and expenses incurred by endeavoring to secure the establishment of a public highway leading to the school-house of plaintiff.

Issue having been joined on the allegations of the petition there was a trial by the court, without the intervention of a jury, and judgment was rendered for the defendants. Plaintiff appeals.

*Hammack, Howard & Virgin,* for appellant.

*T. B. Snyder* and *T. J. Trulock,* for appellees.

ROTHROCK, J.—The amount in controversy being less than $100 the trial judge certified the following questions of law upon which it is said the opinion of this court is desired.

1. SCHOOL DISTRICT: powers of directors.

1st. Has the board of directors and electors of an independent district, at their annual September meeting in any year, a legal right to authorize their secretary, as such, to take the preliminary steps to secure the location of a highway by its school-house, there being no highway located by

their said school-house—and by such action bind the district for expenses incurred in connection with such application?

2d. The said board having authorized such action, and afterwards having audited, allowed and paid said expense of said application and litigation had in efforts to establish said highway; Query? Is the district estopped from afterward maintaining an action against the individual members of said board, its secretary and treasurer, to recover back to its use the moneys so paid out, as for moneys by them wrongfully paid out as such officers?

3d. Under the pleadings and the evidence in this cause, is the plaintiff estopped from maintaining this action, and should judgment have been for the defendant for costs?

Nov. 29, 1879,               Chas H. Phelps,
                                  *Circuit Judge.*

It will be observed that by the first of the above questions it appears that no highway was located by said school-house. Whether the school-house site was selected before the enactment of section 1826 of the Code, which requires a school-house site to be located on some public highway, or whether it was so located and the highway vacated, does not appear. It will be presumed that when located the location was lawful. We have, then, the question whether it was lawful for the school district to incur expenses in endeavoring to secure the location of a public highway, by which the scholars attending the school may do so without being trespassers upon private grounds. We think the bare statement of the proposition is a sufficient answer, and that the court below correctly held that such expenditure was lawful.

Section 1748 of the Code provides " the money collected by district tax for the erection of school-houses and for the payment of debts contracted for the same shall be called the school-house fund;" that designed for rent, fuel, repairs and all other contingent expenses necessary for keeping the schools in operation the " contingent fund." * * * *

It is contended by counsel for appellant that the expenditure in question was not necessary for keeping the school in operation. That a public road should be established to, or by, the school-house, was, we think, a proper question for the board of directors to pass upon. What the facts were we cannot determine. It may be that the owners of the land surrounding the school-house forbid trespassing upon their grounds. If so, not a scholar could lawfully go to the school-house, and not a load of fuel could be taken there, and the school under these circumstances could not be kept in operation. Having determined the first question in the affirmative, the other questions must be answered in the same way. It necessarily follows that if the board may lawfully authorize such an expenditure, and they afterwards audit and pay the same, the district cannot in an action recover back the amount so paid, as for moneys wrongfully paid out.

It will be remembered that in determining this cause we pass upon the questions of law certified by the trial judge; we determine no question of fact. We only examine the record to ascertain whether the questions of law certified fairly arise thereon. We think the questions certified were necessary and proper to a determination of the case in the Circuit Court, and that the court was justified from the facts in making the certificate upon which the appeal is required to be determined.

AFFIRMED.