J. C. McLEAN, Adm'r, v. A. A. McLEAN, Adm'r.

*Motion for leave to issue execution—Judgment—Executors and Administrators.*

1. Motion for leave to issue execution to revive a dormant judgment may be granted the plaintiff, although he had brought another action for the same debt and recovered judgment therein.

2. Where the plaintiff recovered a personal judgment against an administrator, and subsequently sued his administration bond alleging a breach in the non-payment of said judgment out of assets which afterwards came into his hands, and recovered judgment thereon; *Held* that the first judgment was not merged in the last, but both are separate securities for the same debt, and satisfaction of one discharges both.

(*Carter* v. *Coleman*, 12 Ired., 274, cited and approved).

MOTION for leave to issue execution on a judgment, heard at Fall Term, 1883, of ROBESON Superior Court, before *McKoy, J.* The motion was refused and the plaintiff appealed.

*Messrs. Frank McNeill, T. A. McNeill* and *J. D. Shaw*, for plaintiff.
*Messrs. French & Norment* and *Rowland & McLean*, for defendant.

SMITH, C. J. The plaintiff as administrator *de bonis non* of D. H. McLean, at fall term, 1875, of the superior court of Robeson county, recovered a personal judgment for the sum of $455.61, and interest thereafter on $299.54, principal money thereof with costs, against the defendant A. A. McLean, to whom administration of the estate of G. M. McLean had been committed, on a note under seal which he had given for a debt of the intestate.

The plaintiff subsequently, in the name of the state, as relator, brought an action against the defendant and the sureties to his administration bond, executed in 1862, for the penal sum of $9,000, alleging a breach of the obligation in the non-payment

by the defendant, who had come into possession of sufficient assets, of the aforesaid indebtedness of his intestate G. M. McLean, and recovered judgment against him and the sureties at spring term, 1882. The sureties appealed and prevailed in this court, it being held that there had been no breach of the bond, but the judgment against the defendant, the principal obligor, remains undisturbed and in full force in the superior court. (88 N. C., 394).

The first judgment having become dormant by the lapse of more than three years during which no execution had been sued out, the plaintiff, after due notice, on July 24, 1883, made application under section 256 of C. C. P., for leave to issue execution and enforce payment of what remained due on it, accompanying the motion with the required oath. The motion was resisted by the defendant, upon the foregoing facts which were shown, who insisted that, the same debt being included in both judgments, the vitality of the first had been absorbed in the last, and lost, so that no execution could now be issued upon it. The clerk sustaining this view, denied the motion, and on appeal to the judge his action was affirmed, and from this ruling the plaintiff's appeal brings the case before us.

Assuming that the recovered judgment is but a renewal of the first, the one being the sole cause of action of the other, we see no reason why both may not subsist and remain in force as separate securities for the same debt, with the advantages incident to each retained. It is not correct to say that one extinguishes the obligation contained in the other, and that the plaintiff's remedy must be sought only in the last. As soon as one judgment is entered, the plaintiff may take out execution and at the same time bring another action upon the judgment, as itself a cause of action, and make a second recovery. This is clearly involved in the decision, if not directly decided in *Carter* v. *Coleman*, 12 Ired., 274.

In that case, a judgment rendered in 1842 had become dormant and a *scire facias* was sued out in 1847 to revive it. In

October, 1849, the plaintiff brought also an action of debt upon the judgment, the process in which was returnable to spring term, 1850. At this term the defendant confessed judgment in the *scire facias* and pleaded it as a bar to the action in debt. This was held not to be a defence, and RUFFIN, C. J., in the opinion disposing of the objection, uses this language: "The judgment on the *scire facias* is, that the plaintiff have execution on his original recovery, and nothing more, except as to costs. It is not at all inconsistent that the creditor should also have another judgment to recover the debt, and it cannot prejudice the defendant, as *they are but different securities for the same debt,* and satisfaction of either would be satisfaction of both judgments. A plaintiff may sue on a judgment on which he may at the time have execution."

The recovery of interest is mentioned as an advantage derived from the second action, the law then not allowing interest on a judgment enforced under execution, and benefits more important may be now secured in prolonging the lien on land in the second and displacing intermediate encumbrances arising between the dates of the judgments.

The authorities referred to on the argument for the appellant are in harmony with the ruling in the case referred to, *Small* v. *Wheaton,* 4 E. D. Smith, 427 ; Freeman on Judgments, §432, and numerous cases cited in the notes thereto. *Jones* v. *Fink,* 28 Conn., 112 ; *Simpson* v. *Cochran,* 23 Iowa, 81 ; *Ames* v. *Hay,* 12 Cal., 11.

But these judgments do not bear the relations supposed to each other. The one judgment is upon a *personal obligation* assumed and evidenced by a sealed instrument to pay absolutely a fixed sum of money. The other is a judgment recovered by the relator of a penal sum to be discharged upon the payment of a *debt due from the defendant's intestate,* and the assigned breach from which the action springs is the omission to pay that debt from assets which came into the defendant's hands, and ought to have been thus applied.

While one satisfaction will discharge both, there is no valid reason suggested, nor does any occur to us, why the plaintiff may not resort to the means which the law gives him to secure payment from either.

It may be that liens on land have been acquired since the rendition of the first and prior to the last recovery; and if so, the plaintiff ought to be at liberty to revive and sue out remedial writs upon the oldest.

There is error. This will be certified that the proper order may be entered in the court below.

Error.                                                    Reversed.