McShane v. The Independent District of Pleasant Grove et al.

Schools and School Districts: RIGHT TO OBTAIN HIGHWAYS FOR ACCESS TO SCHOOL-HOUSES. Under chapter 51, Laws of 1882, the electors of a district township have the power to authorize their board of directors to obtain, at the expense of the district, such highways as such board may deem necessary for proper access to the school-houses of their district, and to vote a tax upon the taxable property of the district for obtaining such highways; and section 1806 of the Code, which provides that independent districts "shall be governed by the laws enacted for the regulation ·of district townships, so far as the same may be applicable," makes the said law in relation to obtaining highways applicable to independent districts. (See opinion for statutes considered and cases cited.)

*Appeal from Black Hawk District Court.*—Hon. D. J. Lenehan, Judge.

Filed, December 21, 1888.

Proceedings by *certiorari* to test the legality of a tax voted by the electors of the independent district of Pleasant Grove, in the county of Black Hawk, for highway purposes. A demurrer to the answer and return to the writ of *certiorari* was overruled. The plaintiff electing to stand on the demurrer, judgment was rendered against him for costs, from which he appeals.

*Sharon & Hayzlett* and *Mullan & Hoff*, for appellant.

*Boies, Husted & Boies*, for appellees.

Robinson, J.—For some years prior to 1873 the territory now included within the independent district of Pleasant Grove constituted the territory of sub-district No. 1 of the district township of Poyner. The school-house site within the territory has not been changed since 1860, and has never been accessible by a public highway. A school-house has been maintained thereon since 1860. In March, 1873, the sub-district, by proceedings duly had, became the independent district. The school-house can now be reached only by the sufferance of adjacent land-owners, and especially by the sufferance of plaintiff. At their regular meeting held in March, 1887, the electors of an independent district authorized the board of directors "to obtain such roads as may be deemed necessary for proper access to the school-house," and voted one hundred and fifty dollars, or so much thereof as should be needed, to pay for the same. The amount voted was certified to the board of supervisors of Black Hawk county, and the board of directors of the independent district took the steps necessary to have a highway established in the manner provided by law.

The only question presented and discussed on the part of appellant which we need to determine is stated by counsel as follows: "Have electors of an independent district the power to authorize their board of directors to obtain, at the expense of the district, such highways as such board may deem necessary for proper access to the school-house in their district, and have they the further power to vote a tax on the taxable property of the independent district for obtaining such highways?" It was decided in *Ind. Dist. of Flint River v. Kelley*, 55 Iowa, 568, that an independent district had a right to secure the location of a public highway by which access to the school-house might be obtained, and that it was proper for the board of directors to, determine when such highway was needed, and to pay the expenses of securing it. Chapter 51, Acts Nineteenth General Assembly, was afterwards enacted, giving to the electors of district townships the powers which were sought to be exercised by the electors of the independent district in this case. It is contended by appellant that this act is not applicable to independent districts, while appellees insist that it is made to apply by section 1806 of the Code. This section reads as follows: "Sec. 1806. Said [independent] districts may have as many schools, and be divided into such wards or other subdivisions for school purposes, as the board of directors may deem proper, and shall be governed by the laws enacted for the regulation of district townships so far as the same may be applicable." It is insisted by appellant that this section confers no power upon independent districts, but that it refers to duties to be performed by their officers and others, among which are those specified in sections 1721 to 1738, inclusive, of the Code. The question presented is not free from difficulty. Section 1806 does not in terms confer any power not included in those necessary to the government of independent districts, and it is said that, under the rule of construction announced in *Merriam v. Moody's Ex'rs*, 25 Iowa, 170, the right to levy taxes must be excluded. It is true, a corporation may be governed without giving to it all, the

powers which it might conveniently use, and much can be said in favor of the theory that the portion of section 1806 under consideration refers to the administration of the affairs of the independent districts by public officials, rather than to the conferring of powers upon the electors. The construction contended for by appellant was evidently the one adopted by the general assembly, when it enacted chapter 131 of the Laws of 1886. A different construction was adopted by this court in the case of *Bellmeyer v. Ind. Dist. of Marshalltown*, 44 Iowa, 564. Chapter 172, Acts Ninth General Assembly, was designed to amend and codify the laws of the state which related to the organization and powers of school-districts, and the maintenance therein of public schools. Two kinds of districts were recognized, *i. e.*, district townships and independent districts. Section 7 specified the powers which might be exercised by the electors at the annual meetings of the district township. Section 90 provided that the annual meetings of the independent district should be held "for the transaction of the business of the district," and for the election of certain officers. What was the "business of the district" here referred to? Section 89, which was substantially the same as section 1806 of the Code, contained the only provision of the chapter which would lead to an answer to that question. If the construction contended for by appellant be correct, then no provision was made by which independent districts could procure school-house sites and construct school-houses, or procure libraries and apparatus, or dispose of any school-house or school-house site or other property. Yet, under the provision of the act, a district township might be organized with fewer inhabitants than were required for independent districts. It seems to us clear, from a consideration of the act in all its parts, that it was designed to give to the electors of an independent district the same general powers as those conferred upon the electors of the district township. This view is confirmed by the legislation of the next general assembly. The act of 1862 authorized the levy of a tax, not

exceeding five mills on the dollar, for the purpose of purchasing grounds and constructing school-houses, paying debts contracted for those purposes, and procuring libraries and apparatus. Section 89 of that act was amended by chapter 57 of the Laws of 1864, which in effect authorized the levying of a ten-mill tax by the electors of an independent district for the purposes named. The fact that this chapter amended section 89 of the act of 1862, by adding thereto a proviso, is some indication that, in the opinion of the general assembly, section 7 was made to apply to independent districts by section 89. "A contemporaneous is generally the best construction of a statute." *Packard v. Richardson*, 17 Mass. 144. In our opinion the construction placed upon section 1806 by this court, in *Bellmeyer v. Independent Dist.*, *supra*, was authorized when rendered, and we are not disposed to overrule that case because of the different construction adopted by the general assembly in passing the act of 1886. We conclude that the judgment of the district court must be

AFFIRMED.