HERMAN BOGAARD, *et al.*, Appellants, v. THE INDEPENDENT DISTRICT OF PLAINVIEW, *et al.*

**Schools: Highways:** INDEPENDENT DISTRICT. The Code permits the board to buy highway access to school houses when the electors of a district township authorize the acquisition and a tax therefor. *Held,* the board of an independent district has the same power, upon vote of the electors of the district.

SAME. That power is not limited to cases in which the school house is not situated on any highway; neither does it matter that the pupils have access by consent of land owners.

SAME: APPEAL: INJUNCTION. Appeal to the county superintendent and not injunction is the proper proceeding to resist the collection of a tax to buy such highway.

**Practice:** DEMURRER. A demurrer does not admit an averment that "the board has no jurisdiction or power to appropriate," etc. Such is an allegation of a legal conclusion, and not of fact.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

FRIDAY, JANUARY 18, 1895.

Action in equity to enjoin defendants from collecting and appropriating a certain tax to the establishment of a highway.   Defendants demurred upon the ground that the facts stated in the petition do not entitle the plaintiffs to the relief prayed for.   The

demurrer was sustained, and, plaintiffs electing to stand on their petition, judgment was entered dismissing the same, from which they appeal.—*Affirmed.*

*Warren Bros., Liston McMillen,* and *G. W. Crozier* for appellants.

*P. H. Bousquet, Hays Bros.,* and *C. H. Robinson* for appellees.

Given, C. J.—I. The petition shows as ground for the relief asked, in substance, this: That the board of directors of the defendant independent district adopted a resolution applying and appropriating two hundred and fifty dollars to pay for establishing and opening a certain highway in the district; that the school house is situated on a north and south highway, and that the proposed highway is east and west, intersecting said existing highway about three-quarters of a mile from said school house; wherefore it is alleged that said board had no jurisdiction to appropriate said money for said purpose. In an amendment plaintiffs allege that said proposed highway is not required for school purposes; that there are no scholars to pass over it except the children of the plaintiffs, and that for more than twenty years the landowners on which said highway is proposed to be laid have permitted the free use of the same, whether by team or otherwise, by school children and others wishing to travel thereon; that the establishment of and payment for said highway for school purposes is a pretext to avoid payment therefor by the real parties in interest. Plaintiffs allege that, unless enjoined, the county treasurer "will collect the tax described in the original petition," and ask that he and the board of said independent district be enjoined.

II.   Appellants' first contention is that the action of the defendant board is unauthorized.   We understand from the petition that the resolution mentioned was adopted in pursuance of a vote of the electors of the district.   By subdivision 2 of section 1717 of the Code authority is given to the electors of district townships to direct, at annual meetings, as to certain matters specified.   Section 1, chapter 51, Acts Nineteenth General Assembly, added as follows: "And to authorize the board of directors to obtain, at the expense of the district township, such highways as such board may deem necessary for proper access to the school houses of their districts."   Subdivision 3 of said section 1717 authorizes the electors at the annual meeting "to vote such tax, not exceeding ten mills on the dollar in any one year, on the taxable property of the district township," for certain purposes named.   Section 2 of said chapter 51 added to the purposes named as follows:   "And for obtaining highways for access to school houses."   In section 1806 of the Code it is provided that independent districts "shall be governed by the laws enacted for the regulations of district townships so far as the same may be applicable."   The same necessity exists for independent districts having power to provide necessary highways as for district townships, and we see no reason why the law relating thereto is not applicable to both.   See *Bellmeyer v. Independent Dist.*, 44 Iowa, 564; *McShane v. Independent Dist.*, 76 Iowa, 335, 41 N. W. Rep. 33.   The action of the board in adopting the resolution, and of the treasurer in collecting the tax is, in our opinion, clearly authorized.   It is said that the demurrer admits the allegation that "the said board of directors has no jurisdiction or power to appropriate said money for said proposed highway."   This is an allegation of a

legal conclusion.    It is only allegations of fact that are treated as admitted on demurrer.

III.    Appellants' next contention is that it is only when a school house is not situated upon any highway that the power to obtain a highway at the expense of a district exists.    We see nothing in the language of the statute, nor in the reasons for its enactment, to warrant such a construction.    The purpose of the law is to provide means of access by public highways to the school houses of the state, and not to leave pupils dependent upon the consent of some landowner for the opportunity of attending school.    This case, as shown in the petition, furnishes an apt illustration of the necessity for such a law.    The right to obtain highways at the expense of the district is not limited to cases where the school house is not upon a road, nor to cases where a private right to pupils to pass is refused.

IV.    Having a vote of the electors, the authority of the board is to obtain "such highways as such board may deem necessary."    It still remains discretionary with the board whether to obtain a highway notwithstanding the electors have voted a tax for that purpose.    Code, section 1829, provides: "Any person aggrieved by any decision or order of the district board of directors, in matter of law or of fact, may, within thirty days after the rendition of such decision, or the making of such order, appeal therefrom to the county superintendent of the proper county."    If the board acted corruptly, as alleged, plaintiffs had the undoubted right to appeal.    *Marshall v. Sloan,* 35 Iowa, 445; *Albin v. Board,* 58 Iowa, 77, 12 N. W. Rep. 134.    It is a familiar rule that where a party has a plain and adequate remedy at law an injunction will not be granted.    The demurrer was properly sustained.— *Affirmed.*