FANNIE WEISER, Administratrix of the Estate of
WEISER, Deceased, Appellant, v. J. S. McDOWELL.

**Statute of Limitation: ACTION ON JUDGMENT.**   Code, 2521, provides
1  that no action shall be brought on a judgment until fifteen years
2  have passed since its rendition.   Section 2529 allows action on
   judgments for twenty years after the cause of action accrues,
   Code, 2541, that the time during which the beginning of action is
   stayed by statute shall not be applied in counting limitations.
3  *Held,* an action upon a judgment whose record is neither lost or
   destroyed may be maintained for twenty years, beginning with
   fifteen years after rendition.

ROBINSON, J., dissents.

*Appeal from Franklin District Court.*—HON.  S.  M.
WEAVER, Judge.

SATURDAY, FEBRUARY 9, 1895.

This action was commenced November 16, 1893,
upon a judgment rendered November 8, 1871, in the
Circuit Court of Allamakee county, in favor of deceased
and against defendant.   Plaintiff alleges "that, since
the rendition of said judgment, defendant has been a
nonresident of Iowa for more than two years and one
month; that the record of said judgment was never lost
or destroyed, and no cause existed for bringing action

on this judgment prior to November 8, 1886, and said judgment is not barred by the statute of limitations." Defendant answered in three counts, alleging in substance as follows, in the second and third: In the second, that he was a resident of this state on the eighth day of November, 1881, and has been continuously ever since, and says that this action is barred. In the third as follows: "And, for a further and complete defense to this action, this defendant says that the judgment sued on was rendered on the eighth day of November, 1871; that the record thereof was never lost or destroyed, and no legal cause ever existed for the bringing of any action thereon at any time before the expiration of fifteen years after the rendition thereof; that no action could have been maintained on said judgment at any time prior to the eighth day of November, 1886; that on said eighth day of November, 1886, and for many years prior thereto, and for seven years thereafter, this defendant was continuously a resident of the state of Iowa, actually residing therein, and was not a nonresident of said state during any part of said time; that on said eighth day of November, 1886, and for more than five years thereafter before the commencement of this suit, this defendant was an actual resident of Franklin county, in the state of Iowa. And so this defendant says that this action is barred by the statute of limitations in such cases provided." Plaintiff demurred to said second and third counts "for the reason that the facts in said counts stated, and each of them, show that twenty years had not expired since plaintiff's cause of action accrued, and before this action was brought, and for that said counts show, and each of them, that plaintiff's cause of action did not accrue until November 8, 1886." "The court overruled the demurrer as to the second and third counts of defendant's answer, and plaintiff excepts. Plaintiff

elects to stand on her demurrer to said counts, and refuses to plead further thereto." Plaintiff appeals.— *Reversed.*

*John M. Hemingway* for appellant.

*Taylor & Evans* for appellee.

Given, J.—I. Appellee contends that "the record discloses no judgment or order of the lower court from which an appeal will lie." The record discloses that plaintiff's demurrer to defendant's answer was over-ruled, and that plaintiff excepted, and elected to stand on her demurrer. Section 3164 of the Code provides that an appeal may be taken from an order "when it sustains or overrules a demurrer." It also provides that an appeal may be taken from "an intermediate order involving the merits, and materially affects the final decision." The matter demurred to clearly involves the merits, and materially affects the final decision. The case is appealable under either of these provisions of the Code. See *Cowen v. Boone,* 48 Iowa, 350.

II. Code, section 2529, provides as follows: "The following actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * (6) Those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the Federal Courts of the United States, within twenty years." It was uniformly held, under this statute, that a right to maintain an action upon a judgment of a court of record existed from the time of its rendition, and was barred after the lapse of twenty years. In *Simpson v. Cochran,* 23 Iowa, 81, it was held that an action might be maintained and recovery had by the judgment creditors, "although he

may at the time of bringing suit be entitled to an execution on his judgment; that his right to recover is clear, and the court has no power to prevent him." It is said "that defendants have a clear escape from what is apparently, and probably in some cases would be, vexatious and oppressive litigation, by discharging the debt, and thus ending the controversy." The following was enacted in the Code of 1873, and remains in force: "Sec. 2521. No action shall be brought upon any judgment against a defendant therein, rendered in any court of record in this state, within fifteen years after the rendition thereof, without leave of the court for good cause shown, and on notice to the adverse party, nor on a judgment of a justice of the peace of this state within eight years after the same is rendered, except in cases where the docket of the justice, or record of such judgment, is, or shall be lost or destroyed." Both parties allege that the record of this judgment was never lost or destroyed, and that no cause existed for bringing an action on said judgment within the fifteen years following its rendition. It is clear, therefore, that this action could not have been maintained, after the taking effect of said section 2521, at any time prior to November 8, 1886. The contention is whether the bar provided in said section 2529 commenced to run following the rendition of the judgment, or at the time this action could have been brought. The limitation of actions provided in section 2529 is "after their causes accrue." Appellee contends that the terms "causes of action" and "causes of action accrue" cannot be applied to a judgment, that the cause of action has been merged in the judgment, and that an action on a judgment is simply a method of reviving the same. In *Simpson v. Cochran, supra,* this court said "that a judgment, whether domestic or of another

state, gives to the party in whose favor rendered, a complete right of action; that it is a contract of the highest character, and he may declare upon it and recover as upon any other contract." The limitations provided in said section 2529 are made expressly applicable to actions founded on judgments, and, except when otherwise specially declared, must be brought within twenty years "after their causes accrue." If appellee's contention is true, section 2529 has no application to actions founded on judgments; and, if this be so, then there is no limitation to such actions. Surely, such is not the law. This is not an action to revive a judgment, but upon a "contract of the highest character," and upon which recovery may be had "as upon any other contract." In *Meek v. Meek*, 45 Iowa, 294, the question was whether the bar commenced to run against an action founded on a foreign judgment that had been revived by *scire facias* twenty years from the date of the revival, or from the original rendition. The court says "that the final judgment directed by the statute to be entered therein is not a new judgment, but the revivor of the old one." It is further said: "The revivor of a judgment by *scire facias* is, then, but a proceeding to enforce it,—to authorize the issuing of process of execution thereon. No new judgment is entered." It was held in that case that the period of limitation began at the date of the original judgment. It will be observed, however, that that action was upon a foreign judgment, to which said section 2521 does not apply, and that the right to revive by *scire facias* did not prevent maintaining an action on the judgment at any time within the limit allowed. It is contended that a cause of action may accrue and exist prior to the time when an action may be commenced thereon. It is the opinion of the majority that the right to commence an action exists the moment the cause accrues, and

that the cause cannot be said to have accrued until the right to bring an action upon it exists. Whether these contentions are correct or not we need not determine, for section 2541 of the Code furnishes a complete answer to the question under consideration. It is as follows: "When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of such injunction or prohibition shall not be part of the time limited for the commencement of this action." The commencement of this action was unquestionably stayed and prohibited by said section 2521. There being no "leave of court for good cause shown," and no loss or destruction of the record, the statutory stay and prohibition was for fifteen years following the rendition of the judgment, and this time the statute says "shall not be part of the time limited for the commencement of the action." The time limited in such actions is twenty years "after their causes accrue." The statutory stay and prohibition is fifteen years, and this time "shall not be part of the time limited for the commencement of the action." Our conclusion is that plaintiff's cause of action is not barred until twenty years from the time at which the action could have been commenced, and that the demurrer should have been sustained.—*Reversed.*

Robinson, J.—(Dissenting). The rule of chief importance in the interpretation of statutes is to ascertain the legislative intent. "If a statute is valid, it is to have effect according to the purpose and intent of the lawmakers. The intent is the vital part,—the essence of the law. *  *  *  The rules of construction with which the books abound apply only where the words used are of doubtful import. They are only so many lights to assist the courts in arriving with more accuracy at the true interpretation of the

intention. * * * These rules are a part of the law
of the land, equally with the statutes themselves, and
not much less important." Sutherland, St. Const.
section 234. "It is indispensable to a correct under-
standing of a statute to inquire—First, what is
the subject of it? What object is intended to be
accomplished by it? When the subject-matter is once
clearly ascertained, and its general intent, a key is found
to all its intricacies. General words may be restrained
to it, and those of narrower import may be expanded to
embrace it, to effectuate that intent." Id. section 218.
In construing a statute, it is important to consider the
state of the law before it was enacted, and the evil it
was designed to remedy. Sedgwick, St. & Const. Law,
202. These rules have ample support in the statutes
of this state and the decisions of this court. Section
2528 of the Code requires that all provisions of the Code
"shall be liberally construed with a view to promote
its objects." In *Noble v. State*, 1 G. Greene, 330, it was
said: "The intention of the legislature is the leading,
and indeed the only, object to be inquired into by a court,
in construing legislative enactments; and it must be
conceded that the first and most direct means in arriving
at that intention is the application and meaning of the
language used. But, when the language in the
different parts of an act conflicts or is inconsistent with
the leading object of the enactment, can there be a better
or safer rule than to place that construction upon it
which will reconcile and harmonize with the prevailing
intention? * * * It frequently becomes the duty
of courts, in giving effect to the manifest intentions of
a statute, to restrain, enlarge, or qualify the ordinary
and literal meaning of the words used." "It is a canon
of construction of a remedial statute that three things
are to be considered: The old law, the mischief, and
the remedy,—that is, how the law stood at the rendering

of the act, what the mischief was for which the law did not provide, and what remedy for this mischief has been provided. And it is the business of the courts so to construe the act as to suppress the mischief and advance the remedy." *Haskel v. Burlington*, 30 Iowa, 233. To correctly interpret statutes when their language is of uncertain import, it is necessary to "consider what was the law before, the mischief against which it did not provide, the nature of the remedy proposed, and the true reason of the remedy; and this mischief we may learn from knowledge of the state of the law at the time, and of the practical grievances generally complained of." And, to ascertain these facts, resort may be had to the judicial history of the state. *Stephens v. Railroad Co.*, 36 Iowa, 329. "In interpreting statutes it is always important to consider what the law was before their enactment, and what particular evils or wrongs were intended to be remedied by them." *Wheelock v. Madison Co.*, 75 Iowa, 149; *Brown v. Lewis*, 76 Iowa, 161. "The subject-matter, effect, and consequence, and the reason and spirit, of a statute, must be considered, as well as its words, in interpreting and construing it." *State v. Botkin*, 71 Iowa, 89; *State v. Sherman*, 46 Iowa, 422. "In the construction of a statute, the object, purpose, and intent must be considered, and particular words used should be construed with reference to the purpose in view in enacting the statute. The real intent of a statute, if it can with reasonable certainty be ascertained, will prevail over the literal sense of the words employed." *Williams v. Poor*, 65 Iowa, 414. "Where the language of a statute is such that its meaning cannot be determined with certainty by looking at the language alone, it is allowable to give some weight to those general considerations of public policy which we may presume the legislature had in mind at the time of the enactment." *Glass v. City of*

*Cedar Rapids,* 68 Iowa, 210, 26 N. W. Rep. 75; *Small v. Railway Co.,* 50 Iowa, 346. If the meaning of a law be doubtful, considerations of public policy and convenience, and long and uninterrupted practice, should have weight. *Harriman v. State,* 2 Iowa, 275; *McShane v. Independent Dist.,* 76 Iowa, 337, 41 N. W. Rep. 33.

Prior to the taking effect of the Code, it was well settled that a cause of action on a judgment accrued when the judgment was rendered, and that an action could not be maintained on a judgment rendered by a court of record of this state, unless commenced within twenty years from the time of its rendition. The legislative assembly of the territory of Iowa, at its first session, which commenced in the year 1838, enacted "that judgment in any court of record in this territory may be revived by *scire facias,* or an action of debt be brought thereon within twenty years next after the date of such judgment, and not after." Laws Iowa T., 1st Sess., p. 326, section 5. That section was incorporated in chapter 94, on "Limitation of Suits," in the Territorial Revised Statutes of 1843. The portion in regard to an action on such judgments was contained in section 1659 of the Code of 1851, and section 2740 by the Revision of 1860, and in section 2529 of the Code of 1873, in the modified form in which it appears in the section last named. From the organization of Iowa as a territory to the taking effect of the Code, a period of nearly thirty-five years, the policy was adhered to of forbidding actions on judgments of courts of record, unless commenced within twenty years from the date of the judgment. During that time there was nothing in the legislative or judicial history of the state which suggested that a change in the statute in that respect was desired, or ought to be made. In the year 1867 the case of *Simpson v. Cochran,* 23 Iowa, 81, was decided. In that it was held that a judgment, whether rendered

in this or another state, gave to the judgment creditor a complete right of action, although the right to enforce the judgment by execution continued to exist. The fact that the right might give rise to vexatious and oppressive litigation was noticed, but it was said that the remedy was with the legislature. The law, as thus announced, was unchanged when the Code commissioners recommended the adoption of section 2521 of the Code. In support of their recommendation the commissioners used this language: "There is no reason why a party should be harassed by suit after suit, when one judgment can be made just as effective as a hundred. If it is desired to renew the judgment to avoid the statute of limitations, ample time is given." Report of Commissioners, 74. The recommendation of the commissioners was adopted by the enactment of the section as proposed. It is clear that they designed to accomplish but a single object; that is, to take away the right of the judgment creditor to bring an action on any judgment rendered by the courts of record and justices' courts of this state during the periods of time specified in the section and to permit it to be given only in the cases for which provision is made. And it also seems to be clear that the commissioners did not believe that the enactment of the section would have the effect to extend the time within which action on judgments might be brought, but that they considered the time which would remain during which action might be commenced to renew judgments and avoid the bar of the statute would be ample. In other words, speaking only of judgments of courts of record of this state, it was the purpose of the commissioners to have the law so changed that an action on such a judgment could be commenced only after the expiration of fifteen years, and before the expiration of twenty years, from the date of its rendition. In view of the long-continued policy of

the state, the defect in the law shown by the opinion in the *Simpson Case*, and the recommendation and reasoning of the commissioners, the conclusion appears to be irresistible that the General Assembly adopted their views, and enacted section 2521 to accomplish the objects stated; that there was no intention whatever to extend the time during which actions on judgments may be brought; and that so far as the section is given that effect, it is contrary to the legislative will, and defeats the legislative intent.

It is said, however, that section 2529 of the Code authorizes actions founded on judgments of courts of record of this state to be brought at any time within twenty years after the cause of action accrues, and that causes of action do not accrue until the right to enforce them by action also accrues. That a cause of action includes a right to enforce it by action is undoubtedly true, in most cases; and the terms "cause of action" and "right of action" are frequently used interchangeably, and as synonymous. But there is a sense in which they are different. Thus, a "civil action" is defined to be a proceeding in a court of justice, in which one party demands against another "the enforcement or protection, of a private right, or the prevention or redress of a private wrong." Code, section 2505. The cause of the action, or that upon which it is founded, would appear to be the right which is to be enforced or protected, or the wrong which is to be prevented or redressed. In *Veeder v. Baker,* 83 N. Y. 160, it was said: "Jurists have found much difficulty in precisely defining a 'cause of action.' * * * It may be said to be composed of the right of the plaintiff, and the obligation, duty, or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action." The cause of action is the right claimed or wrong suffered by the

plaintiff, on the one hand, and the duty or *delict* of the defendant on the other." *Rogers v. Association*, 17 S. C. 410. "The elements of any cause of action are (one) a right possessed by the plaintiff; (two) an infringement of such right by the defendant." *Railroad Co. v. Rice*, 36 Kan. 600, 14 Pac. Rep. 229. A cause of action accrues when its owner has a right to demand of another the performance of a duty or obligation imposed upon him by contract or by law. If one give to another a promissory note for the payment of a specified sum of money at a time designated, the cause of action accrues when that time arrives. If judgment for recovery of the money be rendered, the cause of action is the obligation of the judgment debtor to pay the money; and the right to enforce it by means of transcripts, executions, and proceedings auxiliary to execution, equitable and otherwise, exists. A new judgment, while that is in full force, would add nothing to the powers of the creditor to enforce his claim, for he already has all the law can give. An action on the judgment would give him no new right, and would result only in unnecessary costs, annoyance, and oppression. To hold that, although the judgment is due and payable forthwith, and although its owner may use all the means known to the law relating to judgments for its enforcement, yet that his cause of action has not accrued because he is denied the wholly useless and barren right of bringing an action on the judgment, is to ignore the purposes for which the recovery of judgments is permitted, to disregard the plain intent of the law, and to adopt an interpretation which defeats the spirit and purpose of the statute under consideration. It should be remembered, in this connection, that the statute of limitations is defined to be "a statute of repose." Angel Lim. section 23. Its purpose is to restrict and prevent litigation, not to encourage and

extend it. It is a fundamental principle recognized by this and other courts that the statute of limitations pertains to the remedy only, and not to the essence or merits of an obligation. *Edwards v. McCaddon*, 20 Iowa, 520; *Higgins v. Mendenhall*, 42 Iowa, 675; *Meek v. Meek*, 45 Iowa, 297; 13 Am. & Eng. Enc. Law, 703; Angell Lim. section 22, and notes; *Johnson v. Railroad Co.*, 54 N. Y. 426. With what reason can it be said that an obligation has not accrued when it is in the form of a final judgment rendered by a court of competent jurisdiction, and when the law says it may be enforced at once, and for that purpose makes available all the remedies known to the law for the enforcement of judgments, to which another action could add nothing? The conclusion of the majority seems to me to be exceedingly technical, and to be made possible only by failing to distinguish between a judgment and a demand which has not been reduced to a judgment, and by ignoring the purpose for which the statute of limitations was enacted.

What I have said in regard to the effect of section 2521 of the Code has support in the decisions of this court. In *Watts v. Everett*, 47 Iowa, 270, the leave to prosecute, for which the section provides, was spoken of as pertaining to the right to prosecute the action, and not to the cause of action, the two being treated as distinct. It was also said that prior to the enactment of that section the judgment creditor had two remedies: (one) to enforce his judgment by execution; (two) to maintain an action upon it. The court said further: "The statute takes away the second remedy. It in no sense affects the obligation of the judgment. The judgment stands in all the vigor and force it possessed before. It can be enforced against all the property and rights of the defendant that were subject to it before the statute. No delay in enforcing it is caused by the

statute. How can it be said that the obligation is impaired? The statute simply takes away one remedy on the judgment, but leaves one that is complete." In *Meek v. Meek*, 45 Iowa, 294 (decided more than three years after the time when, according to the opinion of the majority, the right of action on judgments of courts of record of this state had been extended, and such an action could have been commenced at any time after fifteen years, and before the end of thirty-five years, from the rendition of the judgment), this court said, "Under the law of this state, an action upon a judgment of a court of record is barred in twenty years." The context shows that the twenty years referred to were from the date of the judgment. It may be the statement was not necessary to a determination of the case, but it was made, and is some indication that the court did not then understand the law to be as announced in the opinion of the majority. It is said by the appellee that, "by common consent of bench and bar, the period of the statute has been regarded as commencing with the date of the judgment." The appellant does not concede the full claim of the appellee, but says that "for many years now a tradition has slumbered in the minds of the legal fraternity that such was the law." The people of the state appear to have acted upon the view of the law expressed in the *Meek Case*, and upon the belief, which seems to me to have substantial foundation, that the time for bringing action upon judgments has not been extended, and that theory of the law has undoubtedly become a rule of property in this state. That it is the law appears to be questioned now for the first time since section 2521 of the Code took effect. For more than half a century it has been accepted as the law of the state that the statute of limitations commences to run at the date of the judgment. The effect of the majority opinion will be disastrous to the very class of

people the statute of limitations as to judgments is designed to protect,—those who have in good faith paid the judgments against them, but are unable to furnish legal proof of the fact. That there are many people of that class in nearly every county in the state cannot be doubted. Relying upon the interpretation of the law which appeared to be sanctioned by this court, and which has been accepted generally, they have accumulated property subject to execution, relying upon the bar of the statute for protection. But they will now find that their property is liable to seizure for the satisfaction of amounts appearing to be due on judgments which were perhaps paid a generation ago.

It is said that section 2541 of the Code shows conclusively that the right of action was extended as held by the majority. I am unable to assent to that conclusion. The section is as follows: "When the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuance of such injunction or prohibition shall not be a part of the time limited for the commencement of the action." The section, by its terms, refers only to cases where the commencement of actions has been stayed, and necessarily to cases in which the right of action had accrued, and not to cases in which it did not exist. If the commencement of an action be enjoined because the right of action has not accrued, can it be said that the time during which the injunction was properly enforced on that ground should be added to the time given by law for commencing the action after the right to begin it had fully matured? There can be but one answer to that question, and in my opinion the same rule should be applied to the statutory prohibition. If my view of the law be correct, "the time limited for the commencement of the action" on a judgment of a court of record of this state is the term

of five years, which commences fifteen years from the rendition of the judgment, in all but the exceptional cases for which provision is made. Section 2521 did not stay the right of action, merely, but took it away for the time specified. I cannot avoid the conclusion that the language of the statutes under consideration, their spirit, the legislative intent, the long-established policy of the state, the statement of the law made by this court, and the understanding and practice of the people, including those learned in the law, the rules of interpretation approved repeatedly by this court,—all demand that the statute of limitations as to judgments be held to run from their date.