Cole, Ch. J.
The plaintiff,, in his petition, averred the facts showing his right to be admitted to the school: that he had been attending said school and his right to do so had not been forfeited; that the defendants, and the teacher, under their direction, had unlawfully expelled him, and refused to admit him to the school. The defendants, in their answer, admit that plaintiff had a light to, and was attending, said school, and that he had been suspended and refused admission, and aver that his right to attend had been forfeited, for that “ on the 8th day of February, 1870, the defendants were called to meet at the school-house for the purpose of considering and officially passing upon charges preferred against the plaintiff, wherein he was accused of having committed acts that tended to destroy the peace and harmony of said school, as a pupil thereof, and that these defendants, after carefully investigating and inquiring into the said charges, as aforesaid perferred, directed and determined that the teacher of said school might and should treat the plaintiff as suspended from further attendance upon said school, until such time as said plaintiff would apologize, and do such other act or acts as, in the judgment of these defendants, acting in a sound and proper discretion in the premises, was deemed necessary and proper, by these defendants, to restore the peace and harmony as aforesaid, interrupted and disturbed by the acts of the plaintiff.”
Defendants further aver “that plaintiff wrote, and caused to be published, a certain article, and committed other acts, as hereinafter recited and set forth. It was the habit and duty of defendants to visit the school in their official capacity, and, in accordance with said habit, some of them did, on the 28th day of January, 1870, visit the *423 same; that at the close of certain, rhetorical exercises, which were then and there held, at the request and instance of the teacher, the said members made some remarks to said school, commending what, in their judgment, deserved commendation, and criticising what deserved criticism, in their judgment, in a courteous and polite manner, thereby doing no more than was the duty of such members in the premises; that afterward, to wit: on the 2d day of February, 1870, the said plaintiff wrote, and caused to be published, said certain article above referred to, in the Progressive BepulUocm, published in the city of Marengo aforesaid, and afterward wrote another article of a similar character; that said articles held up said members of the board to ridicule, were impertinent, impudent and scandalous, and tended to injure and impair the influence and control of the said board over the said school, as is by law accorded it; that afterward, to wit: on the 8th day of February, 1870, the defendants were called together, as is provided by law, and being thus officially convened, learned that the said publication was creating insubordination in such school, and tending to incite in other of the scholars in attendance upon said school a disregard of the authority rightful and proper in the board vested, and did, by the authority in them vested, determine upon the suspension of said plaintiff as aforesaid, until he should, in a public and proper manner, apologize ior such acts as aforesaid.”
To this answer the plaintiff demurred, because, 1st. It does not show that the plaintiff had been guilty of either gross immorality or of persistent violation of the rules of the school, or of a violation of any rule of the school. 2d. The plaintiff had the right to freely write, speak and publish his sentiments on demeanor, deportment, appearance and language of defendants. 3d. The board could not delegate their authority for expelling scholars to the teacher.
The correctness of the order overruling this demurrer *424 is the only question for our determination. And this question itself rests upon the extent of the power conferred by statute upon the boards of school directors in respect to the suspension of pupils from the privileges of the schools. Our statute provides that the directors shall have power to dismiss any pupils from school for gross immorality, or for persistent violation of the regulations of the school, and to re-admit them, etc. (Rev., § 2054); and it is also made their duty to aid the teachers in establishing and enforcing rules for the government of the schools, laws of 1862, ch. 172, § 27.
The answer in this case does not aver that this plaintiff was guilty of, or even charged with, gross immorality, or the violation of any regulation of the school; nor is it averred that the article plaintiff is charged with having written, and caused to be published, was immoral, or done in violation of any regulation of the school. The statute does not authorize the board of directors to suspend pupils for acts tending to destroy the peace and harmony of the school, or inciting insubordination in others, or for ridicule of the directors, in the absence of any regulation prohibiting such acts. And, while we would not interfere with the action of the board within the range of their jurisdiction and legal discretion, we cannot sanction an exercise of authority not conferred by statute, or the enforcement of penalties, essentially ex post facto, under the guise of sound discretion. When proper regulations for the gov ernment -of the school are made and brought to the knowledge of the pupils, they may well be held to the penalties for their violation; but for the board to visit the severest penalty within their power upon a pupil for an act out of school, not prohibited either expressly or by implication, even by a general regulation, is at variance with both the letter and spirit of our laws.
Reversed.