Miller v. Ware.

MILLER v. WARE *et al.*

Conveyance: NOTICE: RECORDING ACT. The rights or title conferred by a conveyance are, as to subsequent purchasers without notice, to be determined by the instrument itself as recorded, and not by facts *in pais* or other instruments not recorded.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 15.

ACTION in equity to quiet title, etc. Both parties appeal. The facts are stated in the opinion.

*Boies, Allen & Couch* for the plaintiff.

*E. K. Ware* for himself and wife, defendants.

*O. C. Miller* for defendant Jenkins.

COLE, J.— On the 7th day of November, 1857, Francis M. Virden owned the land in controversy, and on that day borrowed of Luther Buck $100, and to secure its payment, four months after date, conveyed said land to Buck by absolute deed, and took from him a bond to reconvey it upon the payment of the note. The deed was at once recorded, but the bond never was. On December 19, 1857, Virden sold and conveyed in fee said land to John P. Tittsworth; the deed was duly recorded the same day. March 11, 1858, Buck extended the time for payment of the borrowed money till August 5, 1858; and the old note and bond were destroyed, and new ones to correspond with the extension were executed. In 1859 or 1860, Buck conveyed the land to Cynthia B. Landon in payment of a debt he owed her; she having no actual notice of the deed to

Tittsworth or of the bond to Virden. In 1867, Virden & Ware had negotiations about redeeming the land from Buck; and in the fall of that year, Ware, having possession of the bond as one of the attorneys of Virden, brought suit on it against Buck to compel a reconveyance. Soon after this suit was brought, Buck, in order to settle it, procured a conveyance from Mrs. Langdon to Ware, and deposited it with his attorney, to be delivered upon payment of Virden's note and the taxes Buck had paid, and the surrender of the bond. Ware paid the money, delivered the bond, and took the deed, May 18, 1868, having at the time full knowledge of all the facts connected with this controversy. On the day last named Ware sold the property in controversy to the defendant Jenkins for $875, and took his notes therefor, payable respectively October 1, 1869, 1870 and 1871, and gave him a title bond to convey on payment of notes. Jenkins entered into possession on the day of his purchase and commenced to improve the same, they having before been vacant and unimproved; he had no knowledge of the facts, except such constructive notice as the record of the deeds afforded. May 30, 1868, Tittsworth sold and conveyed to plaintiff who had knowledge of all the facts. This suit was brought September 1, 1868.

The statute of limitations will not bar this action. If it was an action by Buck as mortgagee to foreclose his mortgage, and Virden, the mortgagor, had pleaded the statute of limitations (Rev., § 2740), then the case would have been like *Newman* v. *De Lorimer*, 19 Iowa, 244. Or, if Ware, as assignee of the bond for title, was seeking to enforce a specific performance of it, then the statute might apply. But the mortgage has been paid off and the bond for title has been surrendered, and this is a controversy, substantially as to the ownership, between the grantee of the mortgagor and the grantee of the mortgagee, neither having been in the actual possession until a short time

before the commencement of this suit. If this controversy were between Mrs. Langdon, who was the purchaser in good faith, and for value, from Buck, and having no knowledge that his title, which was absolute on its face, was but a mortgage, on the one hand, and Tittsworth, the subsequent grantee of the same, on the other hand, we should have but little difficulty in holding Mrs. Langdon's title to be the best; and this, although our statute says that the record, etc., "shall furnish constructive notice to all the world of the rights of the grantee conferred by such instrument." Rev., § 2223. For the rights conferred by the instrument are, as to subsequent purchasers without notice, to be determined by the instrument itself as recorded, indexed, etc., and not by facts *in pais* or other instruments not recorded. Any other construction would practically nullify our registry statute.

But Ware is not the holder of Mrs. Langdon's title by purchase from her. He secured his title by arrangement or compromise with Buck, who procured from Mrs. Langdon a reconveyance of the land from her to Ware for the purpose of avoiding a controversy about the title; and, in view of the facts, Ware stands in precisely the situation he would stand if Mrs. Langdon had reconveyed to Buck, and Buck to Ware, who had full knowledge of all the facts, and in such case, of course, Ware would only have the title of Buck as mortgagee. But Ware, having paid off the mortgage with his own money, is entitled to be subrogated to all the rights which Buck had as mortgagee.

It further appears that Jenkins was a purchaser from Ware, without knowledge of the defect in his title; but he has not paid any of the purchase-money, although he has made valuable improvements. It also appears that the plaintiff Miller was a purchaser with full knowledge of all the facts. Under these circumstances Jenkins' equities are superior to Miller's and he is entitled to have his purchase affirmed. The result is, that Jenkins must pay the pur-

chase price according to his contract.   So much thereof as is necessary shall first be applied in payment to Ware as of the Buck mortgage, interest and taxes, and the balance to Miller, both Ware and Miller being required to execute conveyances to Jenkins at the time they respectively receive the money.   In case Jenkins does not pay, at his costs the property will be sold on special execution, as upon foreclosure, and the money paid over as above.   Miller and Ware will each pay one-half the costs of the district court; Miller will pay the costs of this appeal.

Reversed.