A. L. KINZER, by his next friend, A. D. KINZER, Appellant, v. THE DIRECTORS OF THE INDEPENDENT SCHOOL DISTRICT OF MARION.

Schools: REGULATIONS: REVIEW BY MANDAMUS. While the review of the action of a school board with reference to a matter within its jurisdiction is by appeal to the county superintendent, yet the question of whether the board had power to make a certain rule for the government of the school can be reviewed by the court in a mandamus proceeding.

Same: PROHIBITION OF FOOTBALL. A rule adopted by a school board for the government of the school will not be interfered with by the courts unless it is so unreasonable as to amount to an abuse of power: and to prohibit the playing of football under the auspices of the school or in a team purporting to represent the school is not an abuse of power.

Violation of rules: FINDING BY BOARD: REVIEW. The determination by a school board that a rule, which it had power to make for the government of the school, had been violated will not be reviewed by the courts.

*Appeal from Linn District Court.*— HON. B. H. MILLER,
Judge.

THURSDAY, JANUARY 18, 1906.

ACTION of mandamus to compel the defendants, directors of the independent school district of Marion, to admit the plaintiff to the privileges of the high school of said district, from which the defendants are excluding him under an order of suspension for violation of rules and regulations made by them. On demurrer to plaintiff's petition, judgment was rendered for the defendants, from which the plaintiff appeals. *Affirmed.*

*F. L. Anderson,* for appellant.

*Voris & Haas,* for appellees.

McCLAIN, C. J.— It appears from the allegations in plaintiff's petition that plaintiff was by a resolution of the defendant board of directors suspended from the high school of which he was a pupil until he should apologize to the superintendent before the school, and through the superintendent to the board, for the willful violation of a rule adopted by the board, of which violation the board on investigation found plaintiff to be guilty. The rule was as follows:

Resolved, that the board of directors disfavor football on account of injuries to life and limb. The board will lend all assistance, morally and financially, in support of baseball, the gymnasium, or trace work, but for the above reasons will not permit football or practice under the auspices of the High School or on the school grounds.

The violation charged consisted in participating in a game of football, as a member of a team composed largely of the students of the high school, which was played on a Sat-

urday afternoon at the fair grounds.  It also appears that
plaintiff, with the other members of the team, caused to be
printed and posted in the city of Marion a poster and ad-
vertisement of the game, which was represented to be a
game between the West Branch High School and the High
School of Marion for which an admission fee of twenty-five
cents was charged.

The questions argued are, first, whether the board had
any authority to adopt the rule above quoted; second,
whether the conduct of plaintiff was a violation of such rule;
third, whether a certain apology made by the plaintiff to
the board (not in the method pointed out by the board in its
resolution of suspension) was sufficient to entitle the plaintiff
to readmission to the school under the terms of his suspen-
sion; and, fourth, whether this proceeding by mandamus
is the proper method of testing the validity and propriety
of the proceedings of the board.

I.   Considering first the question whether plaintiff has
resorted to the proper procedure in order to secure a review
of the action of the defendant board, it is at once apparent
that his application for a writ of mandamus
will not lie if he has any other remedy in the
ordinary course of the law which is plain,
speedy, and adequate.   Code, Section 4344.   It is also plain
that plaintiff cannot maintain this action to question the
proceedings of the defendants in a matter which is within
their discretion.   Code, Section 4341.   The method pro-
vided for reviewing the proceedings of a school board, either
as to law or fact, relating to a subject which is within their
jurisdiction and as to which a discretion is vested in them,
is by appeal to the county superintendent of schools.   Code,
Section 2818.   But the courts are not excluded, by this pro-
vision for appeal to the county superintendent, from con-
sidering the question whether the board was, in the matter
complained of, acting within the scope of its powers as de-
fined by the statute.   The board is given authority in Code,

1. SCHOOL: regu-
lations: review
by mandamus.

Section 2772, to "make rules and regulations for its own government and that of the directors, officers, and teachers and pupils" and in Code, Section 2782, to "expel any scholar from school for immorality or for violation of the regulations or rules established by the board, or when the presence of the scholar is detrimental to the best interests of the school." Whether the rule adopted by the board, the enforcement of which is complained of, is reasonably within the scope of the power thus conferred, is subject to inquiry in the courts, and the party complaining is not limited to an appeal to the county superintendent. *Perkins v. Directors,* 56 Iowa, 476; *Hinkle v. Sadler,* 97 Iowa, 526; *Rodgers v. Independent School Dist.,* 100 Iowa, 317. This is in accordance with the general rule that in an action of mandamus or other special proceedings the question whether an inferior tribunal, such as a school board, has acted within the scope of its authority, may be determined. *State ex rel. v. Board of Education,* 63 Wis. 234 (23 N. W. Rep. 102, 53 Am. Rep. 282); *King v. Jefferson City School Board,* 71 Mo. 628 (36 Am. Rep. 499); *Board of Education v. Purse,* 101 Ga. 422 (28 S. E. Rep. 896, 41 L. R. A. 593, 65 Am. St. Rep. 312).

We are required, therefore, to decide whether the rule of the defendant board, for the alleged violation of which plaintiff was excluded from the high school, was within the power of the board to enact. And here it may be suggested that the court should hesitate to interfere with the regularly constituted school authorities in their management of the scholars which are placed under their charge. The Legislature is expressly authorized to provide for the educational interests of the state, in such manner as shall seem best and proper. See article 9 of section 15 of the state Constitution. And in the exercise of this power school districts have been created, authorized to have exclusive jurisdiction in all school matters over their respective territories. Code, Section 2743. It is

2. SAME: prohibition of football.

further provided that the affairs of each school corporation shall be conducted by a board of directors. Code, Section 2745. And the directors are, as already indicated, expressly authorized to make and enforce rules. It was plainly intended, therefore, that the management of school affairs should be left to the discretion of the board of directors, and not to the courts, and we ought not to interfere with the exercise of discretion on the part of a school board as to what is a reasonable and necessary rule, except in a plain case of exceeding the power conferred. A rule may be so far unreasonable or beyond the exercise of discretion that the courts will say that the board acted without authority in making and enforcing it. *Murphy v. Board of Directors,* 30 Iowa, 429; *Perkins v. Directors,* 56 Iowa, 476; *State v. Vanderbilt,* 116 Ind. 11 (18 N. E. Rep. 266, 9 Am. St. Rep. 820). But the presumption is in favor of the reasonableness and propriety of the action of the board. *Burdick v. Babcock,* 31 Iowa, 526; *Smith v. Dist. Township,* 42 Iowa, 522.

It is contended that the rule of defendant board already quoted, under which plaintiff was suspended, does not apply to the conduct of pupils of the school on holidays and outside of school hours, and that, if it is to be construed as having application to the action of pupils away from the school grounds and on a day when the school is not in session, it is unreasonable and invalid. But, in view of the general discretion given to boards of directors, as above indicated, we are not disposed to hold that the rule as applied in the present case by the defendant board is unreasonable or in excess of authority. The general character of the school and the conduct of its pupils, as affecting the efficiency of the work to be done in the school room and the discipline of the scholars, are matters to be taken into account by the school board, making rules for the government of the school. They have no concern, it is true, with the individual conduct of the pupils wholly outside of the school room and school grounds and while they are presumed to be under the control

of their parents, or after they are beyond the age of parental control, and governed by the rules which regulate the conduct of all members of the body politic; but the conduct of pupils which directly relates to and affects the management of the school and its efficiency is within the proper regulation of the school authorities. Thus it has been held that rules as to absence and tardiness of pupils and their misconduct on the way to school, or on going home from school, are properly within the scope of the power of school officers. *Burdick v. Babcock,* 31 Iowa, 526; *Lander v. Seaver,* 32 Vt. 114 (76 Am. Dec. 156); *Deskins v. Gose,* 85 Mo. 485 (55 Am. Rep. 387).

We have no doubt as to the power of the defendant board, in the exercise of its reasonable discretion as to the management of the high school, to determine that it was detrimental to the best interests of the school that pupils should be encouraged by their school associations to engage in games of football with teams of other high schools, and we think that their proper power, with reference to the encouragement or discouragement of the playing of football by pupils of the school, was not limited to the high school grounds, but extended to participation by the pupils in games as members of a team purporting to represent in any way the high school under the control of defendant board; and we therefore reach the conclusion that, giving to the rule the interpretation which the board gave it in holding it to be applicable to the act of plaintiff, such rule was not unreasonable nor in excess of the powers of the board. Whether or not the conduct of the plaintiff was in fact a violation of such reasonable rule as thus interpreted was, as we think, a question, not of the jurisdiction of the board, but of the propriety of its action, which we cannot review in the present proceeding. In short, we hold that the defendants as a board had authority to prohibit, and did prohibit, the pupils of the high school from playing football in a game purporting to be played under the auspices of the

school or on a team purporting to be a team representing the school.

II.    The other questions presented on this appeal may be briefly disposed of in accordance with principles already announced.    If the board had the power to make the rule in question, then the findings as to whether the rule had been violated by the plaintiff and whether the apology tendered by him was sufficient or not are not subject to review in this proceeding and can be tested only by appeal to the county superintendent.    Plainly it is not intended that the courts shall interfere with the action of the school authorities in matters of discipline, as to which such authorities are vested with discretionary power.   *Burdick v Babcock,* 31 Iowa, 562; *McCormick v. Burt,* 95 Ill. 263 (35 Am. Rep. 163); *Watson v. Cambridge,* 157 Mass. 561 (32 N. E. Rep. 864). And, in general, on the proposition that the discretion of a school board cannot be interfered with by the courts as to a matter within its jurisdiction, see *Preston v. Board of Education,* 124 Iowa, 355; *Marshall v. Sloan,* 35 Iowa, 445; *Barnett v. Directors,* 73 Iowa, 134; *Bogaard v. Independent Dist.,* 93 Iowa, 269; *State ex rel. v. Board of Education* (N. J. Sup.) 45 Atl. Rep. 775.

The action of the trial court in sustaining the demurrer to plaintiff's petition and rendering judgment for defendant was correct, and it is *affirmed.*

3. VIOLATION OF RULES: finding by board: review.