ELLEN DOYLE and Agnes Reineke, Appellants, v. WILLIAM J. DOYLE, Respondent.

(202 N. W. 860.)

**Deeds — if relation of trust exists between grantor and grantee, grantee has burden to show that conveyance was made voluntarily.**

1. Where a conveyance is made and a relation of confidence and trust exists between the grantor and the grantee, if the circumstances are such that the

Note.—(1) Burden of proof of undue influence in execution of deed, see 8 R. C. L. 1034; 2 R. C. L. Supp. 708.

(3) Discretion as to order of proof not reviewable, see 2 R. C. L. 215; 1 R.C.L. Supp. 451.

grantor is likely to be subjected to the will of the grantee, the burden is cast upon the grantee to show that the conveyance was made freely and voluntarily and with full knowledge on the part of the grantor of its character and effect.

**Deeds — evidence held sufficient to sustain judgment refusing to set aside deed because of undue influence.**

2. Record examined and *held* that, while the circumstances disclosed are such as to cast the burden upon the defendant grantee of establishing that the plaintiff grantor executed the conveyance here sought to be set aside, freely and voluntarily, and with full knowledge of its character and effect, the grantee has assumed and sustained such burden.

**Appeal and error — decision of trial court as to whether judgment shall be vacated will not be overturned on appeal, except for abuse of discretion.**

3. Whether a judgment shall be vacated where entered by reason of inadvertence or inexcusable neglect, or a new trial be ordered on the ground of newly discovered evidence, are questions that rest within the sound judicial discretion of the trial court; and the trial court having exercised that discretion, his determination will not be overturned except in case of abuse thereof.

**Discretion — record held to show no abuse of judicial discretion in denying motion to vacate and set aside judgment for newly discovered evidence.**

4. Record examined and *held* that no abuse of judicial discretion is shown.

Opinion filed March 11, 1925.

Appeal and Error, 4 C. J. § 2651 p. 728 n. 41, 44 New; § 2817 p. 835 n. 67; § 2819 p. 836 n. 77. Deeds, 18 C. J. § 502 p. 422 n. 95; § 504 p. 425 n. 25; § 552 p. 445 n. 34; § 554 p. 447 n. 46.

Appeal from the District Court of Ramsey County, *Burr*, J. Affirmed.

*Traynor & Traynor*, for appellants.

In the use, by one in whom confidence is reposed by another or who holds a real or apparent authority over him, of such confidence or authority for the purpose of obtaining an unfair advantage over him: in taking an unfair advantage of another's weakness of mind; or, in taking a grossly oppressive and unfair advantage of another's necessities or distress. Brummond v. Krause, 8 N. D. 573.

"It is a well-settled principle that contracts between persons occupying such relations will be carefully watched by courts of equity, and

will be set aside where the stronger mind had induced it to be made, unless the bona fides of the transaction is shown."

"An actual understanding of the meaning of the instrument must appear before there can be a binding assent."

"In the case of a gift or voluntary conveyance inter vivos, where the donor is a widow enfeebled in mind by disease or old age, and the person benefited is her son, with whom she makes her home, equity raises the presumption that the gifts or voluntary conveyance was brought about by undue influence, and the burden is upon the party benefited to show affirmatively that the transaction was fairly conducted as if between strangers." Smith v. Smith (Kan.) 114 Pac. 245.

"In the case of a deed of gift, the question is not, did the donor execute the deed voluntarily? But, was it with full knowledge of the nature, effect, and consequences which the law gives it?" Whitely v. Whitely (Mich.) 78 N. W. 1009.

"The rule is, where a person enfeebled in mind, by disease or old age, is so placed as to be likely to be subjected to the influence of another, and makes a voluntary disposition of property in favor of that person, the courts require proof of the fact that the donor understood the nature of the act, and that it was not done through the influence of the donee." Sands v. Sands, 112 Ill. 225.

"In such cases it is held not necessary to prove the actual exercise of overweening influence, misrepresentation, or fraud aliunde the act complained of. The burden of establishing its perfect fairness is thrown upon the grantee or beneficiary in the transaction." Reck v. Reck, 110 Md. 497, 73 Atl. 144.

"A person may make a valid contract to dispose of his property by will in a particular way, and such contract will be enforceable." 40 Cyc. 1063.

"And the contract may be in parol." Id. 1065 and 1073.

"The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he may not make a legal agreement to dispose of his property to a particular individual, or for a particular purpose, as well by will as by a conveyance to be made at some specified future period or upon the happening of some future event." Johnson v. Hubbell, 10 N. J. Eq. 335, 66 Am. Dec. 773.

"An agreement to leave property by will cannot be rescinded by act.

of the promisor after performance on the part of the promisee, or expenditures made by him in reliance on it, unless the promisee consents thereto." 40 Cyc. 1068.

"A provision in a will devising land pursuant to a prior parol agreement is a confirmation of such agreement, and it cannot be defeated by a subsequent revocation of the devise." Nash v. Harrington (Kan.) 205 Pac. 354.

"Evidence of a mutual compact between a man and his divorced wife to make mutual wills is afforded by the fact that they did make wills in each other's favor." Chambers v. Porter (Iowa) 183 N. W. 431.

*W. M. Anderson,* for respondent.

"An actual understanding of the meaning of the instrument must appear before there can be a binding assent." Brummond v. Krause, 8 N. D. 573.

"The line between due and undue influence, when drawn, must be with full recognition of the liberties of every true owner to obey the voice of justice, the dictates of friendship, of gratitude and benevolence, as well as the claims of kindred, and, when not hindered by personal incapacity or particular regulations, to dispose of his own property according to his own free choice." Wallace v. Harris, 32 Mich. 380.

NUESSLE, J. This action was begun in the district court of Ramsey county to determine adverse claims to certain real property. The amended complaint, in addition to the allegations usual in such an action, set out that the plaintiff Ellen Doyle was the owner of the land in question; that on the 7th day of August, 1923 by fraud, misrepresentation and undue influence, and without consideration, she was induced to and did execute a deed purporting to convey the land in question to her son, the defendant William J. Doyle; that theretofore she had made her will devising the premises to her daughter, the plaintiff Agnes Reineke, and had not revoked said will, but desired and intended that upon her demise the premises should become the property of Agnes Reineke. The defendant answering denied generally the allegations of the complaint and alleged that he owned the land by virtue of a deed executed and delivered by the plaintiff Ellen Doyle for a good consideration on August 7, 1923.

The case came to trial on these pleadings. It was considered and treated by the parties and the court as an action to set aside and annul a deed on account of the exercise of undue influence in its execution and delivery.

It appears that the plaintiff Ellen Doyle was a widow. She was sixty-eight years old at the time of the trial. Her husband died in the early part of 1923. He left some estate which he disposed of by will. The will is not in evidence, but it appears that his property was left to his widow and children. There were four children: the defendant, the plaintiff Agnes Reineke, and two other daughters. The defendant was given the use of a half section of land and certain personal property during his lifetime, conditioned upon the payment of $500.00 annually for a period of ten years to the executor under the will, and the payment of the tax charges against the property. This half section was subject, together with other lands, to a Federal Farm Loan mortgage in the amount of $10,000.00. The character and value of the estate or the disposition thereof is not otherwise disclosed by the record.

Ellen Doyle had a quarter section of land of her own. She had received this from her father whose homestead it was. She lived with her daughter, the plaintiff Agnes Reineke, on the old Doyle homestead and Mrs. Reineke's husband farmed Mrs. Doyle's quarter section. She and her husband had lived with the Reinekes for some years, and she continued to live there after her husband's death. In March, 1923 she made a will devising the land to Mrs. Reineke. The defendant was a vigorous man about forty years old. He lived on the half section, the use of which he had under his father's will, about two miles from the Reinekes. He was married, but his wife was not living with him. One evening in August, 1923 the defendant came to the Reineke place and after some conversation with his mother took her home with him. Mrs. Reineke did not know that she was going. She remained away for two or three days. This was the only time that she had remained over night at her son's home. While there on this occasion she executed and delivered to him a deed to her land. The instant case is brought to set this deed aside.

The plaintiff Ellen Doyle was in poor health. On the day after she went to her son's home the son, at her request, procured a lawyer at

Devils Lake to go out to see her, advising the lawyer, Mr. Anderson, that his mother wanted to make some arrangements with reference to the land. Anderson took with him a deed and will, being uncertain as to which Mrs. Doyle desired to execute, and went out to see her. On arriving at the Doyle home, he talked with her privately regarding the matter to ascertain her wishes, explained to her the difference in effect of making a deed and making a will, and advised her against making a deed. She said, however, that she trusted her son, wanted him to have the land and that she wished to make a deed. So they sent for one of the neighbors suggested by her to witness the instrument. Anderson testified with reference to what took place, and there is no reason to question his testimony in any respect. The witness, Mr. Klufton, who was summoned at Mrs. Doyle's request, was a neighbor who had known her for many years, and his testimony as to what took place after he arrived is corroborative of Anderson's. The testimony of both is to the effect that Mrs. Doyle was advised as to the meaning and effect of the deed; that she seemed clear in her mind as to the explanation; that she expressed a desire to deed the land; that she personally delivered the deed to her son, knowing what she was doing and intending what was done. It furthermore appears from their testimony that they had no reason to believe that her mind was disordered at the time or that she was not acting freely and voluntarily. She, herself, testified at the trial. Her testimony given at that time indicates that her memory was more or less faulty. She had wholly forgotten that she had made a will giving the land to the plaintiff Reineke. But she testified that she gave the deed knowing what it was and that her desire when she so gave it was that it should pass the title of the property to her son; that she believed he would care for her and that if she wanted the deed back he would give it to her; that she did it of her own accord and without suggestion from him. Subsequently, after she had returned to her daughter's home and had talked the matter over with Mrs. Reineke and her other daughter, she became uncertain as to whether she had done the right thing and, therefore, wished to reclaim the deed. Mrs. Doyle had no other property in her own right. There is nothing in the record which disclosed the value of the quarter section in question here, nor that of any of the land in William Doyle's estate, nor what the value of the whole estate was.

52 N. D.—25.

A few days after Mrs. Doyle's return to the home of her daughter, this action was begun. The only witnesses called were: on behalf of the plaintiff, Ellen Doyle and her son-in-law Reineke; on behalf of the defendant, Anderson who drew the deed, Keufton the other witness to it, and the defendant. At the close of the plaintiffs' case, the court, on motion of the defendant and apparently without any particular resistance on the part of counsel for plaintiffs, dismissed the case of the plaintiff Agnes Reineke on the ground that the record failed to establish that she had such an interest in the land as would entitle her to bring the action as a party plaintiff. The trial court further found that the deed was without consideration other than love and affection; that it was a free and voluntary gift without fraud or undue influence; that the plaintiff Ellen Doyle when she executed and delivered the deed understood what she was doing and intended to do that which she did; and ordered judgment for the defendant accordingly. The order for judgment was signed on February 15th and judgment entered thereunder.

Thereafter and on March 12th, the plaintiffs made application for and obtained an order to show cause why the judgment should not be opened up and vacated and the plaintiffs be permitted to furnish other and additional evidence. This order was based upon the affidavit of plaintiffs' counsel. The affidavit recited that counsel was retained in the case in August, 1923; that this was done by Flynn, the executor of the estate of Doyle, Sr., and son-in-law of the plaintiff Ellen Doyle; that the plaintiffs lived some distance from the city of Devils Lake, the place of residence of counsel; that owing to the condition of health of the plaintiffs they were unable to see counsel in person; that the complaint was drawn and the issues framed upon such knowledge as their counsel was able to procure without consulting with them personally; that the cause was noticed for trial at the term of court which convened in November; that the general practice in Ramsey county was to try the jury cases first and thereafter at such time as was convenient to the court to try the court cases; that counsel believed that such practice would be followed in the instant case; that, unexpectedly, on the 13th day of December, counsel was advised that the case was about to be called for trial; that, on account of the state of health of Agnes Reineke and that of her sister, Abina Froll, neither was then able to

be present as a witness; that the case went to trial without them; that subsequently and after the order for judgment had been made there first came to the attention of counsel certain other facts material to the cause; that counsel then learned that the plaintiff Reineke and Mrs. Kroll were necessary and material witnesses; that if called they would testify as to certain material facts touching the physicial and mental condition of the plaintiff Doyle and the circumstances under which the deed was given; that prior to the time of the execution of the will of Doyle, Sr., an arrangement had been entered into whereby he should dispose of his property by will, as he in fact did do, and the plaintiff Ellen Doyle should devise her quarter section (the quarter here in question) to the plaintiff Reineke, and that the plaintiff Reineke, in consideration of this being done, should look after and care for her mother until her death; that in accordance with this arrangement, Doyle, Sr. made his will; that the plaintiff Reineke and her husband entered into and performed and were ready and willing to continue performance of their part of the arrangement and the plaintiff Ellen Doyle in March, 1923 made her will devising the quarter section in question to the plaintiff Reineke; that Mrs. Reineke and her husband entered into possession of Ellen Doyle's land and farmed the same, giving her a portion of the crops therefrom; that Ellen Doyle had no property of any description other than the land in question. This affidavit was made on information and belief of counsel for the plaintiffs and was not supported by any other affidavits. Copies of the two bills referred to were made a part of this showing. The defendant Doyle on the return day challenged the allegations set out in the affidavit submitted and set up further that the witnesses in question lived only sixteen miles from the city of Devils Lake, that there were good roads communicating with them, that conversation could be had with them by telephone, that notice had been given at the calling of the calendar of the November, 1923 term, the case would be urged for trial by the defendant, that no application for continuance had been made; and resisted the application to vacate the judgment and open up the case. After consideration of the matter, the trial judge denied the motion to open up and set aside the judgment. From the judgment and from the order denying the motion to open up and

set it aside, the plaintiffs perfected this appeal. They demand a trial de novo here.

The questions presented on this appeal involve, first, a consideration of the facts as disclosed by the record and on which the findings and order for judgment were based, and, second, a consideration of the showing as made by the plaintiffs on their application for a vacation and setting aside of the judgment as entered. As ground for a reversal of the judgment the plaintiffs contend that there was no consideration for the deed and that under the circumstances as shown the presumption arises that the deed was procured through the exercise of undue influence; that the burden is thus cast upon the defendant to establish that it was intelligently, freely and voluntarily given; and that the defendant has failed to sustain the burden.

We think that the first question presented is essentially one of fact. A deed was given. There was no consideration. Grantor and grantee were a mother, old and feeble, and a son in his prime. Where a conveyance is made and a relation of confidence and trust exists between the grantor and grantee, if the circumstances are such that the grantor is likely to be subjected to the will of the grantee, the burden is cast upon the grantee to show that the conveyance was made freely and voluntarily and with full knowledge on the part of the grantor of its character and effect. See Brummond v. Krause, 8 N. D. 573, 80 N. W. 676; Fjone v. Fjone, 16 N. D. 100, 112 N. W. 70. See also Pom. Eq. Jur. §§ 955–965 inclusive, and cases cited; Smith v. Smith, 35 L.R.A.(N.S.) 944 and note (84 Kan. 242, 114 Pac. 245). It is unnecessary for us to comment upon the philosophy of the rule just stated. It is sufficient to say that, in our opinion, the circumstances as shown in this case are such as to raise the presumption (of undue influence) that it contemplates. Defendant to all intents and purposes concedes this. His contention, however, is that he has assumed and sustained the burden thus put upon him. It appears from the memorandum of the trial court that this rule was recognized and applied. The trial court, thus placing the burden upon the defendant, nevertheless found that the deed in question was freely and voluntarily executed and delivered by the plaintiff Ellen Doyle and that she knew and intended when she executed it exactly what was done. Does the record sustain this finding?

The case is here for a trial de novo under § 7846, Comp. Laws, 1913 as amended. This court must review the record here presented and find the facts for itself. On a trial de novo the findings of the trial court are not clothed with the same presumptions in their favor as in other cases. But, on the other hand, in such a case as this, we must take into consideration the fact that we have here but a cold and lifeless record. We are called upon to determine the mental capacity, the state of mind, the knowledge and intent of Ellen Doyle at the time she executed and delivered the deed. We have not the advantage of seeing her, of noting her demeanor, of hearing her voice; of the innumerable intangible indicia that are so valuable to a trial judge in determining questions of this character. The trial court had the advantage of all of these things and, breathing the air of the trial, he was in an immeasureably better position to find the real facts in the case. Therefore, notwithstanding that the case is here for trial de novo, we must give some appreciable weight to the determination of the trial court. See Christianson v. Farmers' Warehouse Asso. 5 N. D. 438, 32 L.R.A. 730, 67 N. W. 300. Viewing the record before us in this wise, we are of the opinion that the evidence produced on the trial sustains the findings as made. We have taken into consideration the fact that the plaintiff was a feeble old lady. Her memory was faulty. She was alone with her only living son. There had been trouble between this son and his father. The giving of the deed was disadvantageous to her daughters who were not present and who apparently had no knowledge of what was being done. She had no opportunity to seek advice, excepting from Mr. Anderson who prior thereto had been her son's attorney. So far as the record discloses she had no other property or means of support than the land that she thus conveyed without consideration. But, as counter-balancing these circumstances, we have to take into account the fact that plaintiff herself says, and the disinterested witnesses say, that she knew what she was doing. She wanted and intended to give the land to her son. Anderson, the attorney who prepared the deed, advised her as to the effect of making the same. The other witness to the instrument was one procured at her suggestion. She made the first proposal that the land be transferred to the defendant. Anderson advised her against thus deeding the land and explained his reason for such advice, but, notwithstanding,

she said she wished to make the deed. She had talked with her daughters about the matter before she changed her mind and sought to avoid the deed. Her daughters were interested parties and apparently there was some hostility between them and the defendant. The defendant was ready and willing and, so far as the record shows, able to care for and support his mother. He endeavored to take steps to do so, but was unable to get into communication with her. We think that the findings of the District Court should not be overturned and that on the record as made the judgment entered was right.

The next question for consideration is that arising on account of the order of the court in denying the motion to vacate and set aside the judgment. Thus, it is necessary for us to pass on the question as to whether there was an abuse of discretion on the part of the trial court. Whether the application as made by plaintiff be considered as a motion for a new trial on the ground of newly discovered evidence, or as an application to vacate and set aside the judgment on account of inadvertence and excusable neglect, the rule is the same. Viewed in either direction, the trial court was vested with a sound judicial discretion and his determination will not be overturned except this court shall hold that there was an abuse of such discretion. See Madden v. Dunbar, ante, 65, 201 N. W. 991; French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765; State v. Kerns, 50 N. D. 927, 198 N. W. 698, and cases cited. In the first place it appears to us that the theory of the plaintiffs' position in presenting this application for a vacation of the judgment is different from that assumed by the plaintiffs in bringing the action. Here and now the theory apparently is that a contract had been entered into and at least partially executed under the terms whereof the land in question on the death of the plaintiff Ellen Doyle was to become the property of the plaintiff Agnes Reineke in consideration of Mrs. Reineke's caring for and supporting her mother during the remaining years of her life; that by reason of such contract Mrs. Reineke had acquired such an interest in the property in question as would entitle her to maintain the action with or without the joinder of Ellen Doyle as a party thereto, and that, even though the defendant had no notice of such contractual arrangement, he would be bound thereby, because no consideration had been given for the deed. There and then they sought to set aside the deed on the

ground that it had been fraudulently obtained by reason of the exercise of undue influence. Thus, two widely different theories are presented. The case was tried and submitted on the one theory and, now, when an adverse decision was rendered the other theory is advanced. Furthermore, although it is urged, as a ground for re-opening the case, that counsel had no opportunity to consult with his clients prior to the trial on account of their ill health, no application for a continuance was made. The plaintiffs were advised at the beginning of the November term that the defendant would press the case. The case was on the calendar for trial and reasonable diligence required that it be ready when called. It was not called until December 13th. The showing as to the newly discovered evidence was on information and belief only. No affidavits by the witnesses who would testify as to the newly discovered matters of fact were presented. The question that we must pass upon is not as to what we would do upon such showing, if the same were presented to us in the first instance, but whether we may now say that there was an abuse of discretion in relation thereto on the part of the trial court. We do not believe that the record will justify us in holding that there was.

The judgment and order appealed from must be affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.