Plaintiff has vigorously contended, both in its petition for rehearing and its brief on rehearing, that this appeal is from the whole judgment as entered in the case, and that it ought not to be denied a review on the merits through a too technical consideration of the record. *Page 600 
A careful review of the record and of the briefs confirms us in our former holding that the appeal is from only a portion of the judgment. The reasons for that conclusion are sufficiently stated in the original opinion. The rule there followed that this court has no jurisdiction to review or retry an action tried and appealed under § 7846, Comp. Laws 1913, unless the entire judgment appealed from is before the court for final disposition, is settled beyond question. This rule, first enunciated in the case of Tyler v. Shea, 4 N.D. 377, 50 Am. St. Rep. 660, 61 N.W. 468, decided in 1894 and later elaborated in Prescott v. Brooks,11 N.D. 93, 90 N.W. 129, has since been followed without question. The fact that the legislature has not seen fit to change it further justifies us in following the precedents thus established.
We may further say, however, that the only questions raised by the plaintiff on the instant appeal are as to the sufficiency of the evidence to sustain the findings of the trial court. Since the case is here for trial de novo under § 7846, supra, this court must review the record presented and find the facts for itself. But the trial court had the advantage of seeing and hearing the witnesses while we have only a cold record, so, though the findings of the trial court are not clothed with the same presumptions in their favor as in other cases, nevertheless, this court must give them appreciable weight. See Doyle v. Doyle,52 N.D. 380, 202 N.W. 860; Christianson v. Farmers' Warehouse Asso. 5 N.D. 438, 32 L.R.A. 730, 67 N.W. 300. We have examined the record and are not so satisfied that the findings as made by the trial court are unsustained by the evidence as to warrant us in reversing the judgment.
We therefore adhere to our original opinion.
CHRISTIANSON, Ch. J., and BIRDZELL, and BURKE, JJ., concur.